UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| JANICE LAWSON<br>2740 Parkwood Avenue<br>Baltimore, MD 21217,<br><br>*Plaintiff*<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br>500 West First<br>Hutchinson, KS 67501<br><br>and<br><br>MIDLAND FUNDING LLC<br>Suite 400<br>2711 Centerville Rd.<br>Wilmington, DE 19808<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil no.: |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Janice Lawson, on behalf of herself and a class of similarly situated persons, sues Defendants Midland Credit Management, Inc. and Midland Funding LLC pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for their attempts to collect invalid debts and debts that cannot be verified.

1. The Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

2. Plaintiff Janice Lawson is an individual who resides in Baltimore, Maryland.

3. Defendant Midland Credit Management, Inc. (MCM) is licensed as a debt collector in Maryland. Its principal office is in Hutchinson, Kansas.

1

4.   Defendant Midland Funding, LLC (MF) is licensed as a debt collector in Maryland. Its principal office is in Wilmington, Delaware.

5.   Plaintiff is a consumer as that term is defined by the FDCPA, in that the debt that Defendants improperly attempted to collect from her was incurred for personal or household purposes.

6.   Defendants are debt collectors as that term is defined in the FDCPA, and are licensed as debt collectors by the Maryland Office of the Commissioner of Financial Regulation.

7.   Upon information and belief, Defendant MF is a debt buyer and must therefore be licensed as a debt collector under Maryland law because the debts it allegedly purchases are already delinquent when purchased.

8.   Upon information and belief, Defendant MCM shares office space with Defendant MF, and is principally engaged in the collection of debt for MF and at MF's direction.

9.   Plaintiff brings this action for herself and on behalf of a class of similarly situated persons defined as follows:

> All persons who had a credit card account with Bluestem Brands, Inc., formerly known as Fingerhut Direct Marketing, Inc., whose accounts were sold by Bluestem and allegedly purchased by Midland Funding LLC in or after January 2013, and from whom Midland Funding LLC and Midland Credit Management, Inc. have attempted to collect former Bluestem-owned debt.

10.   The class is so numerous as to make joinder of all members impracticable. On information and belief, MF claims to have purchased hundreds of accounts from Bluestem Brands, Inc., and MF and MCM are actively engaged in attempting to collect alleged deficiencies on those accounts throughout the country.

11.   There are common issues of both law and fact linking all class members. The primary issue is whether Defendants' collection efforts violate the Federal Fair Debt Collection

Practices Act because the alleged delinquencies are not owed, or because MF is not the true owner of the accounts, or because MF and MCM cannot accurately verify ownership of the accounts or account balances.

12. Plaintiff's claims are typical of the claims of other class members in that Plaintiff was the victim of Defendants' numerous attempts to collect a debt from a prior Bluestem account after that debt had been deemed paid and satisfied by a prior purchaser of the account.

13. Plaintiff is an adequate representative of the class in that she has no conflicts with the class and has retained counsel who are experienced in the prosecution of consumer class actions and actions brought pursuant to the FDCPA.

14. Common issues predominate over any individual issues in the action. The legal issues relating to Defendants' collection practices all arise under the same statute. The central factual issue focuses on Defendant's bulk purchase of accounts that had been sold previously to one or more other discount debt buyers, and Defendants' efforts to collect on debt that it may not own and cannot be verified.

15. A class action is the superior method for litigating these common issues. Most class members have claims that are too small to pursue on an individual basis, and they may be unaware that their prior credit card accounts have been sold more than once. The class members' identities and their recent addresses are all known to the Defendants, making the class readily manageable.

### Count I – FDCPA Violations

16. The allegations of paragraphs 1-15 are incorporated as if fully set forth.

17. Defendants communicated with Plaintiff on or after one year before the date of this action, attempting to collect Plaintiff's alleged personal credit card debt.

18. Attached hereto and incorporated herein as Exhibit 1 is a true and accurate copy of a complaint that Defendant MF filed against Ms. Lawson in the District Court for Baltimore City and served on her in April 2014.

19. The district court complaint is an attempt to collect a debt that Plaintiff allegedly owed to and entity called Webbank, which was alleged in affidavits attached to the complaint to be a successor in interest to Bluestem Brands, Inc. The amount claimed, $554.17, is inaccurate. Plaintiff owed nothing.

20. Before MF filed the complaint in Exhibit 1, MCM had dunned Plaintiff for the debt. Plaintiff informed MCM that she did not owe the debt, and that it had been satisfied.

21. Shortly before MF filed the lawsuit, Plaintiff furnished a copy of a notice of satisfaction to MCM. A copy of the notice of satisfaction is attached hereto as Exhibit 2.

22. The notice of satisfaction was provided to Plaintiff by RJM Acquisitions Funding, LLC, a debt collector based in New Jersey that is also licensed to collect debt in Maryland and which owned the Bluestem account, or acted for a previous owner.

23. Plaintiff had paid the Bluestem debt in 2013, months after MF claimed to have purchased it from Webbank, Inc., the entity who MF represented as having purchased it from the original creditor, Bluestem Brands, Inc. and sold it to MF.

24. Plaintiff paid the debt because, among other reasons, she is an employee of the federal government with security clearances, and those clearances, and her employment status would be adversely affected by any allegations of a debt delinquency.

25. When Plaintiff informed MF's counsel in the collection action that the debt had been paid, counsel replied that neither he nor his client knew anything about that.

26. When Plaintiff provided the notice of satisfaction to MF's counsel, MF dismissed the district court action with prejudice.

27. Defendants regularly send dunning letters to consumer debtors who had credit cards issued by Bluestem Brands, Inc. or its corporate predecessor, and regularly file court actions to collect on those alleged debts.

28. In fact, however, MCM and MF cannot state with certainty that MF is the true owner of the debt, and cannot state with accuracy the status of any particular account.

29. Defendants do not have procedures in place reasonably adapted to avoid collecting debt that MF does not own, or that cannot be verified as due and owing.

30. Defendant's collection letters and legal actions in respect of Bluestone Brands, Inc. debt are misleading and deceptive. They provide incomplete or inaccurate information that is designed to confuse the least sophisticated consumer.

31. The dunning letters sent by MCM and the civil complaints filed by MF contained false representations of the character, amount, and legal status of Plaintiff's former debt owed to Bluestem Brands, Inc., in violation of 15 U.S.C. § 1692e(2)(A).

32. All dunning letters sent by MCM to consumers arising out of Bluestem debt, and all civil actions filed by MF arising out of Bluestem debt, contain false representations of the character, amount, or legal status of that debt in violation of 15 U.S.C. § 1692e(2)(A).

33. In addition to an inaccurate balance, for example, Defendants use employees of MF to provide affidavits for its court actions in which the affiant falsely testifies that she has knowledge that MCM is the owner or successor in interest to the original owner of the obligation and has been assigned all of the rights, title, and interest in that obligation. The statement is false, incomplete, or misleading, in violation of 15 U.S.C. § 1692e(2)(A).

34. By representing knowledge of a complete chain of custody that apparently legitimizes MCM's and MF's collection efforts, without regard to whether the debt has been previously sold to another entity, or paid or settled by the consumer, Defendants utilize false or deceptive means to attempt to collect consumer debt in violation of 15 U.S.C. § 1692e(10).

35. By filing suits against alleged debtors, utilizing hearsay recitations of account history that do not reflect the complete and true status of the accounts, Defendants' actions constitute unfair or unconscionable means of collecting consumer debt in violation of 15 U.S.C. § 1692f.

WHEREFORE, on behalf of themselves and the class defined above, Plaintiff seeks actual damages against the Defendant in an amount equal to any "balances" claimed to be due on former Bluestone Brand, Inc. accounts and any payments that have resulted from Defendants' attempts to collect such debt, statutory damages in an amount to be determined by the Court, injunctive relief that will bar Defendants from collecting or attempting to collect on accounts that were originally held by Bluestone Brands, Inc., attorneys' fees and costs, plus such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/
Thomas J. Minton – No. 03370
Goldman & Minton, P.C.
1500 Union Avenue, Suite 2300
Baltimore, MD 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

/s/
Thomas J. Minton – No. 03370
Goldman & Minton, P.C.
1500 Union Avenue, Suite 2300
Baltimore, MD 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com
